IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAM TRUMP, by and through its TEAM TRUMP Member, Stephen P. Wallace,<br>            Plaintiff,<br><br>vs.<br><br>BRENDAN GREELEY, individually, and as Agent & Co-Anchor @ Bloomberg Surveillance,<br>            Defendants. | ) CASE NO. 15CV6377<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Jury Trial Demanded |

RECEIVED AUG 12 2015 PRO SE OFFICE

## COMPLAINT

Plaintiff hereby alleges the following Libel & SLANDER causes of action against Defendants for Malicious Defamation of Character against **TEAM TRUMP** Leader, Donald J. Trump, iconic real estate magnate and 2016 US Presidential Candidate.

## PARTIES

1 That Plaintiff is a Member in good standing with **TEAM TRUMP**, based in New York City, which address is 725 Fifth Avenue, 10022. (enclosure)

2 That Defendants conducted their alleged Defamation of Character @ their corporate address located @ 731 Lexington Avenue, New Yok, NY. 10022.

## JURISDICTION and VENUE

3 That jurisdiction and venue is proper in this Court.

## CHRONOLOGICAL FACTUAL BACKGROUND

4 That the US Government has illicitly incurred over **[$19 Trillion]** in *DEBT-to-DATE* and massive **ILLEGAL IMMEGRATION** perpetrating Capital Murder & Drug Smuggling, wherein **TEAM TRUMP** Leader, Donald J. Trump, has sacrificed his "multi-billion Enterprises" to seek the US Presidency @ his "**sole cost & expense**", to "**MAKE AMERICA GREAT AGAIN**".

5 That _TEAM TRUMP_ expected his political jealous Opponents and capricious Pundits to "wrongfully portray, accuse and degrade _TEAM TRUMP_ Leader", as none of them nor their "**_covert HANDLERS_**" can Control **Leader** in his monumental quest to "**Stop the Bleeding**", and concurrently "**_enact POLICY & PRINCIPLES_**" only known to him for "**We the People**", which have secured the TRUMP ORGANIZATION as one of the most successful International Realty Development Corporations in history.

6 However Defendants have allegedly illicitly used the most prominent Global Business Multi-Media Outlet, **_BLOOMBERG_**, to perpetrate Libel & Slander on _TEAM TRUMP_ Leader:
   a) On or about **_July 30, 2015_**, Defendant **GREELEY** referred to _TEAM TRUMP_ Leader as A "**_GOON_**" – defined as "a bully or thug, especially one hired to terrorize or do away with the opposition";
   b) On or about August 6, 2015, Defendant GREELEY referred to _TEAM TRUMP_ Leader as a "**_PIG_**" – defined as "a dirty, gluttonous or repulsive person".

## STATEMENT OF CLAIMS
## COUNT I: MALICIOUS DEFAMATION OF CHARACTER

7 That Defendant's alleged **_Libel & Slander_** were intentionally vindictive and intentionally proffered GLOBALLY, knowingly that they were totally fictitious and without merit, to cause irreparable harm to _TEAM TRUMP_ Leader, both to his impeccable Business Reputation, but primarily to defame & injure his **BRAND** that has kept _TEAM TRUMP_ Leader **1st in each and every POLE** for the Republican US Presidential Race.

8 That Defendant's allegedly knew that they would be immune from their "covert Intent" to inflict said irreparable harm inflicted as "business broadcasters" upon TEAM TRUMP Leader, whom they know has a prominent past & future success in US Court System [**_UNIVISION_**], yet they knew _TEAM TRUMP_ Leader would be chastised in the predatory MEDIA for filing the instant Case, therefore _TEAM TRUMP_ seeks in excess of [$10 million] from Defendants, joint & several.

Wherefore all foregoing premises are stated as true and correct under penalty of perjury, and that I am unable to pay the Filing Fee, as my entire $40+ million Estate has been criminally converted, which is currently under USDOJ Investigation. (enclosures)

Respectfully submitted,

_Stephen P Wallace_
Stephen P. Wallace, Pro Se
TEAM TRUMP Member
1116 Sheffer Road  Apt. F
Aurora, Illinois 60505



# TRUMP
## MAKE AMERICA GREAT AGAIN!

July 7, 2015
Stephen Wallace
1116 Sheffer rd
Aurora, IL 60505

Dear Stephen,

Thank you for your recent letter. I truly appreciate your support and encouragement. It is because of Americans like you that I want to become President of the United States.

America needs reform, and a President with the ability to bring about real, positive, economic change. My experience as a business executive, employing thousands, maintaining balanced budgets, and winning at negotiations all over the world makes me the most qualified candidate to restore American greatness. America can be saved; with your support I am confident we will reenergize the spirit of the American people. I am relying on your dedication to spread the values, ideals, and principles of my Presidential campaign.

Stephen, I am honored to call you a valuable member of Team Trump. With your support we can Make America Great Again!

Sincerely,

Donald J. Trump

LAWS   LAWYERS   FIND LAWS   LEGAL FORMS   STATE LAWS   BILLS



DEFAMATION LAWS   DEFAMATION TYPE   LIBEL   SLANDER

DEFAMATION LAWS   LIBEL   SLANDER

Search Laws

SEARCH

# DEFAMATION OF CHARACTER DEFINED

↰ BACK TO HOMEPAGE
🔊 SUBSCRIBE TO RSS FEED

## Defamation of Character Defined

Share   f SHARE | 0 |   ▼ TWEET | 5 |   8+ +1 | 0 |   in SHARE | 0 |

Defamation of character is often a term used in a legal context to describe situations regarding slander, libel, or a combination of both. However, both slander and libel are considered to be statements or forms of communication that are made for the purpose of causing harm by portraying a person, country, business, product, or government in a negative manner. In the case of defamation of character, the accusations of libel, slander, or both are in regards to a particular person.



**Suing for Defamation**

Defamation Cases

Defamation Suit

**Libel, Slander**

**Defamation Lawyer**

Defamation Attorneys

**Defamation of Character**

ads by Yahoo!

∧

Legal Applications – Defamation of character accusations will involve issues of slander or libel, in which the false and damaging statements are made in verbal form through slander, or in written form through libel.

In the United States, such accusations, upon being deemed as true by the courts, are punishable by law. Typically speaking, lawsuits involving defamation of character are made to seek compensation for any damages incurred by the derogatory and false statements made by another individual or party.

Issues with Defamation of Character – One of the main concerns revolving around defamation of character is the fact that they have been notoriously known to be quite difficult to prove in a court of law.

Even if the effects of the defamatory comments or statements are evident and substantial, the plaintiff must provide for substantial and compelling evidence that the defendant not only made such comments, but the comments are also false and done with the intention of causing some sort of harm or injury.

Another constantly debated issue in regards to defamation of character arises from a Constitutional perspective. In accordance to the First Amendment, free speech is a natural right that is afforded and protected by the United States Constitution. Though this has been an aspect which has been debated, it is generally agreed that a defamation of character accusation does not violate First Amendment rights.

Defamation of Character Lawsuits – As mentioned, winning a defamation of character lawsuit has been proven to be a difficult task. However, it should be noted that most defamation of character cases or accusations will rarely enter the courts as a formal complaint or lawsuits. Typically, the involved parties will usually settle outside of the courts. This is common, particularly when at least one of the involved parties is widely and socially recognized, such as a celebrity or famous actor.

Defamation of character disputes and lawsuits will prove to be most commonly presented in the entertainment industry, most notoriously involving the media and tabloid publications. Even though defamation of character, by definition, consists of false statements, the accusation can also apply in situations even the statements made are factual. If a truthful statement is made, but is done with ill intentions, it can sometimes be considered as defamation of character in certain situations.

**Suing for Defamation**

**Defamation Cases**

**Defamation Suit**

**Defamation Lawyer**

**Libel, Slander**

**Defamation Attorneys**

Defamation of Character

**COMMENTS**

4 comments

# Pro Se Law

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). See *Dioguardi v. Durning,* 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in *Haines v. Kerner,* 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

WILLIAM MCNEIL, PETITIONER v. UNITED STATES 113 S. Ct. 1980, 124 L. Ed. 2d 21, 61 U.S.L.W. 4468. Moreover, given the clarity of the statutory text, it is certainly not a "trap for the unwary." It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines v. Kerner,* 404 U.S. 519 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston v. Lack,* 487 U.S. 266 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826 (1980).

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see *Haines v. Kerner,* 404 U.S. 519, 520 (1972). See also *Maclin v. Paulson,* 627 F.2d 83, 86 (CA7 1980); *French v. Heyne,* 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines,* supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. *Cruz v. Beto,* 405 U.S. 319, 322 (1972).

MARK KIRK
ILLINOIS

COMMITTEES:
APPROPRIATIONS
BANKING, HOUSING & URBAN AFFAIRS
HEALTH, EDUCATION, LABOR & PENSIONS
AGING

United States Senate

December 12, 2014

Mr. Stephen Wallace
1116 Sheffer Rd.
Apt. F
Aurora, IL 60505

Dear Mr. Wallace:

Thank you for speaking with a member of my staff regarding the inquiry filed on your behalf.

I contacted a liaison with the U.S. Department of Justice and forwarded a copy of your additional correspondence to him. I will let you know when I receive a response from the liaison regarding your inquiry.

In the meantime, please do not hesitate to contact my Caseworker, Daniel Bower, at 312-886-3506 should you have any questions regarding this matter.

Sincerely,

Mark Kirk
United States Senator

CHICAGO OFFICE
230 SOUTH DEARBORN ST.
SUITE 3900
CHICAGO, IL 60604
312-886-3506

SPRINGFIELD OFFICE
607 EAST ADAMS ST.
SUITE 1520
SPRINGFIELD, IL 62701
217-492-5089

WASHINGTON OFFICE
524 HART BUILDING
WASHINGTON, DC 20510
202-224-2854

www.kirk.senate.gov



**U.S. Department of Justice**

Office of the Inspector General

*Investigations Division*

---

*1425 New York Avenue NW, Suite 7100*
*Washington, D.C. 20530*

January 5, 2015

Stephen Wallace
1116 Sheffer Road
Apartment F
Aurora, IL 60505

Dear Mr. Wallace:

The purpose of this letter is to acknowledge receipt of your correspondence dated October 3, 2014. The matters that you raised have been reviewed by the staff of the Investigations Division, Office of the Inspector General.

The primary investigative responsibilities of this office are:

- Allegations of misconduct committed by U.S. Department of Justice employees and contractors; and

- Waste and abuse by high ranking Department officials, or that affects major programs and operations.

This Office does not have jurisdiction in the matter you described. Therefore, your complaint was forwarded to the following office on December 8, 2014:

> U.S. Department of Justice
> Criminal Division
> 950 Pennsylvania Avenue, NW
> Room 2107
> Washington, DC 20530
> Telephone Number 202-353-4641

Any future correspondence regarding this matter should be directed to that office.

Sincerely,


Office of the Inspector General
Investigations Division

USPS Priority Mail Express label

FROM: Stephen Wallace
1116 Shaffer Rd. Apt. F
Aurora, IL 60505
Phone: (831) 444-3968

TO: US District Court
Pro Se Intake Unit
500 Pearl Street, Room 200
New York, NY 10007

PO ZIP Code: 60540
Date Accepted: 8-10-15
Time Accepted: 12:5 PM
Scheduled Delivery Date: 8-11-15
Scheduled Delivery Time: 3:00 PM
Postage: $19.95
Insurance Fee: —
Total Postage & Fees: $19.95

Tracking: EK 936819955 US

Postmark: NAPERVILLE, IL 60540 AUG 10, 15 AMOUNT $19.99 R2304H109410-06





