UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEAM TRUMP, BY AND THROUGH ITS
MEMBER STEPHEN P. WALLACE, ,

Plaintiff,

-against-

BRENDAN GREELEY, Individually and as
Agent and Co-Anchor @ Bloomberg
Surveillance,

Defendant.

15-CV-6377 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se* and *in forma pauperis* ("IFP")*,* brings this action against

Defendant for allegedly defaming Donald Trump.  The Court dismisses the complaint for the

reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007).  While the law mandates dismissal on any of these grounds, the

Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations

omitted) (emphasis in original).

## BACKGROUND

Plaintiff resides in Illinois, and he is a member of "Team Trump," which is headquartered

in New York City.  Plaintiff asserts that Defendant libeled and slandered Donald Trump by

referring to him as a "goon" and a "pig."  Plaintiff purports to bring this action on his own behalf

and on behalf of Team Trump.

## DISCUSSION

### A.    Standing

Plaintiff lacks standing to bring this action.  "[A] suit must . . . have subject matter

jurisdiction under Article III of the U.S. Constitution, which limits the power of federal courts to

Cases and Controversies."  *Acequip Ltd. v. AM. Engg Corp.*, No. 01-CV-0676 (PCD), 2001 WL

1868124, at *1 (D. Conn. Sept. 4, 2001) (citing U.S. Const. art. III, § 2, cl. 1), *aff'd*, 315 F.3d

151 (2d Cir. 2003).  "One essential aspect of this requirement is that any person invoking the

power of a federal court must demonstrate standing to do so."  *Hollingsworth v. Perry*, 133 S. Ct.

2652, 2661 (2013).  This standing requirement consists of the following three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a *legally
> protected interest* which is (a) concrete and particularized, and (b) "actual or imminent,
> not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between
> the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to
> the challenged action of the defendant, and not . . . th[e] result [of] the independent action
> of some third party not before the court."  Third, it must be "likely," as opposed to merely
> "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted, alterations in

original, emphasis added).  "'If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no

subject matter jurisdiction to hear [her] claim.'"  *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62

(2d Cir. 2012) (quoting *Cent. States S.E. & S.W. Areas Health & Welfare Fund v. Merck-Medco

Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)).  And "[i]f the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the [claim]."  Fed. R. Civ. P.

12(h)(3).

Plaintiff asserts that Defendant defamed Donald Trump.  Plaintiff does not assert that he

was defamed, and he does not assert a concrete injury that is personal to him as an individual or

as a member of Team Trump.  Accordingly, even if the Court assumes that Defendant's comments were defamatory, Plaintiff lacks standing to bring this action either on his own behalf or on behalf of Team Trump.

**B.    Warning to Plaintiff**

A review of PACER shows that Plaintiff has more than fifteen civil actions and appeals in other federal courts, and he has already been warned about pursuing litigation that lacks merit. *See, e.g., Wallace v. Saffa*, No. 07-10741 (5th Cir. May 22, 2008) (warning Plaintiff that he could be enjoined from filing and/or held in contempt of court); *Wallace v. Hawthorne*, No. 12-CV-49 (W.D. Tex. Jan 26, 2012) (denying Plaintiff IFP status because of his litigation history and dismissing matter without prejudice); *In re Stephen Wallace*, No. 11-CV-164 (N.D. Ill. Jan. 12, 2011) (identifying Plaintiff as an abusive litigant and imposing filing injunction in that court), *writ of mandamus denied*, No. 15-1168 (6th Cir. Jan. 30, 2015); *Wallace v. Kelley,* No. 06-CV-3214 (D. Ne. Jan. 9, 2009) (entering filing injunction in that case)

In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should have been aware that this action lacked merit when he filed it.  *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).  Plaintiff is cautioned that should he persist in filing cases in this Court that are duplicative, frivolous, or fail to state a claim, he will be ordered to show cause why he should not be barred from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.  Plaintiff's complaint, filed *in forma pauperis*

under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).  The motion for a summons is denied as moot, and the Clerk of Court is directed to terminate it.  (Doc. #4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 9, 2015
New York, New York

LORETTA A. PRESKA
Chief United States District Judge